## DROGUERIA COLONIAL, INC. *v.* UNITED STATES

**No. 4598.**—Invoice dated Copenhagen, Denmark, April 29, 1938.
Certified April 30, 1938.
Entered at San Juan, P. R., May 25, 1938.
Entry No. 2723.

(Decided June 12, 1939)

*Jose Santiago Marquez* for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

EVANS, Judge: This is an appeal from a finding of value made by the appraiser at the port of San Juan, P. R., upon an importation of certain ampoules containing medicinal preparations from Denmark, exported April 30, 1938. The merchandise was entered at the invoice unit prices and was appraised at an advance of about 55 per centum, upon the basis of the export value, from which were deducted postage and insurance as invoiced.

At the trial Mr. Jose Santiago Marquez appeared on behalf of the importer and described himself as "one of the owners of the firm and also its accountant and attorney for the custom house." He testified that he purchased these ampoules direct from Denmark by correspondence, ordering from the quotations received by him. He further testified that he paid the prices shown in the quotations. In support

of these statements he offered and there was received in evidence a letter dated six months prior to the date of the present invoice (Exhibit 1). There was also produced in evidence as Exhibit 4 a verified communication dated July 18, 1938, which states that the entered unit values are those charged in Puerto Rico and other American countries to "our representatives," and that no arrangement or understanding affecting the prices has been or will be made between this importer and the exporter in Denmark. This exhibit then gives present import prices charged customers buying in smaller quantities than those covered by the invoice in suit, which include a 20 per centum commission for "our representatives." An examination of these prices shows that they are higher than the entered values but lower than the appraised values. There was also received in evidence and marked Exhibit 5, over objection on the part of the Government attorney, an invoice from E. J. Barry, Inc., of New York City, to the importer, which the witness stated included duties, showing prices lower than those at which the merchandise was appraised. This represents merchandise purchased by the importer from said Barry, duty paid. This exhibit is not sufficiently clear in its terms to enable the court to arrive at the unit prices stated thereon.

The Government produced four witnesses including the appraiser at the port of San Juan. The first witness testified that he was general agent "for this merchandise" up to the year 1937. He produced and there was received in evidence as Exhibit A a price list received by him from the exporter of the instant merchandise, which shows the prices which were adopted by the appraiser.

The second Government witness stated that he was connected with a wholesale druggist in San Juan which firm had been purchasing the same merchandise from the same Danish exporter; that they imported a quantity in April 1938, for which he produced an invoice which was admitted in evidence as Exhibit B. This invoice shows prices of dosages .05, .10, and .15 the same as those adopted by the appraiser. Although the quantities specified on this invoice were small, the witness stated that his concern was a wholesale concern and had been importing similar merchandise for five or six years and that in 1937 they purchased about 500 ampoules, which they brought in in different sized lots from May to December. The witness stated that he did not know the usual wholesale quantities.

The third witness for the Government, who was in the drug business in San Juan, stated that he had imported this merchandise; that he received prices direct from this exporter in Denmark; that he made importations during 1937 and 1938, the invoices for which were received in evidence as Collective Exhibit C. An examination of this exhibit discloses that the prices thereon correspond with the values found by the appraiser. While the testimony of this witness was not

very satisfactory in that he stated he didn't believe that the prices quoted to him were wholesale prices, he stated on redirect examination that he sells both wholesale and retail and that he never asked the exporter for prices based upon quantity purchases.

From the evidence produced there is nothing to rebut the findings of the appraiser, which are presumptively correct. The importer failed to prove what the usual wholesale quantity was for this merchandise. He claimed that he purchased in larger quantities than the other importers, but presented no proof that the quantities purchased by him were the usual wholesale quantities. The instant merchandise was invoiced in quantities ranging from 50 to 100 ampoules of each dosage.

Upon the record I find that the values as found by the appraiser, which were export values, have not been shown to be incorrect and that the preponderance of the testimony supports such values. I therefore find the values to be as follows:

|  | Per each ampoule U. S. dollars |
|---|---|
| Sanocrysin @ 0.05 gr | 0. 41¼ |
| Sanocrysin @ 0.10 gr | . 56¼ |
| Sanocrysin @ 0.15 gr | . 78 |
| Sanocrysin @ 0.20 gr | 1. 00 |
| Sanocrysin @ 0.25 gr | 1. 25 |
| Oleo Sanocrysin @ 0.05 gr | . 41¼ |
| Oleo Sanocrysin @ 0.10 gr | . 56¼ |

Less postage and insurance.

Judgment will be rendered accordingly. It is so ordered.